Dear Chief Ford:
You advise that you are the Fire Chief of the Lincoln Parish Fire Protection District No. 1 (the District), a combination fire department, consisting of both paid, full-time employees and volunteer members. You further advise that the District has twenty-nine (29) pieces of fire suppression or rescue apparatus.
Given these facts, you ask this office to advise how your department must proceed in order to be in compliance with La.R.S.33:1967(A), a statute requiring "a member of the department holding the rank of captain shall be in charge of each force in each fire company during each shift and at all times." "Force" is defined in La.R.S. 33:1967(A) to mean "any single piece of fire fighting or rescue apparatus."
You state it is not feasible financially for the District to assign a separate paid and full-time firefighter, holding the rank of captain, to each force for each shift. However, it is our opinion that the requirements of state law are not so onerous.
A determination as to the precise application of La.R.S. 33:1967
has been made by an appellate court in Landreneau vs. St. LandryParish Police Jury, 355 So.2d 978 (La. App. 3 Cir. 1977). TheLandreneau court held La.R.S. 33:1967(A) "requires a separate or different captain as to each separate apparatus." Id.
at 983. However, the court elaborated that compliance with the statute exists "even though the captain in charge of a particular vehicle is not on actual duty or even subject to call round the clock, is not stationed [at the firehouse where the apparatus is located] and is not required to attend fires involving the particular *Page 2 
vehicle under his charge except major structural fires at which no higher officer is present." Id. at 984. Thus, underLandreneau, the requirements of La.R.S. 33:1967(A) are met if a separate captain is assigned to each fire fighting or rescue apparatus, regardless of where that apparatus is located within the district.
Further, in La. Atty. Gen. Op. 82-944, this office advised "based on the statute, [La.R.S. 33:1967] and the holding ofLandreneau, it is the opinion of this office that there must be a captain for each force (fire fighting apparatus), not for each shift for each piece of equipment." In accord with the reasoning expressed in Landreneau, and confirming Opinion 82-944, it is our opinion that the District complies with La.R.S. 33:1967 by having a separate captain for each fire fighting or rescue apparatus, but need not further have a separate captain for each shift for each piece of equipment.
We also note that the District is governed by the civil service law found within the provisions of La.R.S. 33:2531, et seq., entitled "Fire and Police Civil Service Law for Small Municipalities and for Parishes and Fire Protection Districts." Of relevance here are the provisions of La.R.S. 33:2541, defining those full-time positions in a fire protection district which are required to be "classified." La.R.S. 33:2541 does not include the position of captain as "classified," and in fact, while the classification plan of the District provides for "fire chief", "fire lieutenant", "firefighter operator", and "administrative assistant to the fire chief," (all positions required to be classified under La.R.S.33:2541), the plan does not contain a classification for "captain."
Further, La.R.S. 33:1967 is a statute pertaining to the organization of a fire department; it is not a civil service law. La.R.S. 33:1967(A) does not require a "captain of force" to be a paid and full-time firefighter with the department. Rather, the position of "captain of force" may be held by a part-time paid firefighter, or by a volunteer firefighter. It is noteworthy here to restate that the current classification plan of the District does not contain the class or position of "captain." Thus, we are not faced with the further complication that firefighters holding the rank of captain in the District already hold paid, full-time positions in the classified service.[1]
We further advise that the Office of the State Examiner, Municipal Fire and Police Civil Service, concurs in the analysis and conclusions expressed in this opinion. However, the Office of the State Examiner advises that the Lincoln Fire Protection District No. 1 Fire and Police Civil Service Board should be made *Page 3 
aware of those firefighters made "captain of force" for purposes of La.R.S. 33:1967, in order for the Board to be informed of all circumstances which might ultimately require an amendment to the classification plan of the District.
It is the opinion of this office that La.R.S. 33:1967 requires the District to have a separate captain for each fire fighting or rescue apparatus, but the District need not further have a separate captain for each shift for each piece of equipment. For purposes of La.R.S. 33:1967, each "captain of force" need not be a full-time paid firefighter, but may also be a part-time paid firefighter or a volunteer firefighter of the District.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:__________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] Under La.R.S. 33:2541, only paid, full-time positions within the fire department are considered "classified." La.R.S.33:2541(B)(4) provides that the unclassified service shall include ". . . any part-time or temporary employee."